United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America,  )<br>                              )<br>        Plaintiff,             )<br>                              )<br>        v.                    )<br>                              )<br>299,457.4 USDC, 162.5354 USDT,)<br>AND 6,941.648 TRX SEIZED FROM )<br>BINANCE ASSOCIATED WITH USER ID)<br>ENDING IN 3903, et al.,       )<br>                              )<br>        Defendant.            )<br>                              ) | Civil Action No.<br>24-10624-NMG |

MEMORANDUM & ORDER

GORTON, J.

Before the court is claimant's motion to file an unverified claim (Docket No. 7) in the above-captioned civil forfeiture action. Because the claim was filed long after the deadline and without good cause for its tardiness, the motion will be denied.

I. **Background**

The facts underlying this forfeiture action describe a financial scam in which a 51-year-old Massachusetts resident was defrauded of over $400,000 of cryptocurrency. The government traced that cryptocurrency to two accounts on Binance Capital Management Co., Ltd. ("Binance"), a popular cryptocurrency exchange and custodian that allows users to buy, sell and store digital assets. The government seized the traced funds as well

-1-

as all other cryptocurrency associated with the identified accounts.

One such account was held in the name of Chew Ja Zheng, a resident of Hong Kong, China. That account contained 1,455,143.462248 USDT, 3,032.1689461 SOL, 67.79400436 BNB, 95,336.8670150 TRX, 13,703.955431 ADA and 0.54151495 ETH, along with small amounts of other cryptocurrencies.[1] To laymen, that amounts to something over $1,000,000. The government does not allege that Zheng is implicated in the underlying offense.

The government filed its complaint against the two Binance accounts in March, 2024, and the Court issued a Warrant and Monition in June, 2024. The government notified Zheng of the action, via a copy of the warrant sent to Zheng's email address, on November 21, 2024. The notice informed Zheng that he had 35 days from receipt of the notice to file a verified claim to the cryptocurrency.

On January 10, 2025, (50 days later) Zheng notified the government, through Boston-based counsel, that he intended to assert an interest in the asset. On March 4, 2025, 103 days after the government's notice, Zheng moved the Court for leave to file an untimely verified claim. The government timely opposed that motion.

---

[1] Tether ("USDT"), Solana ("SOL"), Binance coin ("BNB"), Tronix ("TRX"), ADA and Ether ("ETH") are cryptocurrencies with values that do not necessarily correlate with that of the US dollar.

II. **Motion for Leave to File**

**A. Legal Standard**

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs the process by which claims to forfeited property must be filed. Rule G(5)(a)(ii) provides that the claim must be filed by the time stated in the notice unless the Court sets a different time for good cause shown.

The standard by which a motion to file an untimely claim under Rule G(5)(a)(ii) is analyzed has been subject to disagreement amongst the courts, and the First Circuit Court of Appeals has yet to provide a governing rule. The Second Circuit Court of Appeals has, however, decided that because denial of such a motion would result in default, courts should adopt the same forgiving standard as that used to address motions to set aside default under Fed.R.Civ.P 55(c). United States v. Starling, 76 F.4th 92, 102 (2d Cir. 2023). Although this Court is ambivalent about that reasoning, it will nevertheless apply the "good cause" standard of Rule 55(c) to this case.

Whether good cause exists is not a mechanical determination and the Court may consider all relevant factors. Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010). Typically, three factors are most instructive: 1) whether the error was willful, 2) whether allowing the motion would

-3-

prejudice the adversary, and 3) whether a meritorious defense or claim is presented. Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989).

### B. Application

Zheng asserts that there is good cause for his delinquency for two reasons. First, he avers that the email notice ended up in his spam folder and that he only discovered the forfeiture action after contacting Binance and retaining Hong Kong counsel. Next, he proclaims that communication between his local counsel and his Hong Kong counsel was made difficult by the severe time difference between the two cities.

Based on these facts, the first factor of the good cause analysis favors the government. Even if the Court accepts Zheng's explanation as true, there is no good reason for the delay between notifying the government of Zheng's intention to assert a claim and actually doing so. Local counsel had been retained and the government's notice had been recovered from Zheng's spam by at least January 10, 2025. The relatively simple claim form was filed 53 days later and no amount of communication difficulty across time zones credibly explains that delay.

The second factor also favors the government. While the claim was filed 53 days after Zheng's counsel notified the government of his intent to do so, it was filed 103 after

service was affected.  Such dilatory conduct does increase the cost and inconvenience of litigation to the government. Furthermore, to allow the willful avoidance of court deadlines would set a bad precedent.

    Finally, it is not at all clear that Zheng's claim has any merit but, in any event, the adverse findings as to the first two factors are deemed conclusive here.

## ORDER

    For the forgoing reasons, the motion for leave to file a verified claim (Docket No. 7) is **DENIED**.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    Senior United States District Judge

Dated: November 17, 2025